UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE DANIEL VALADEZ III, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 5:21-CV-00002-JKP |
| | § | |
| | § | |
| CITY OF SAN ANTONIO, | § | |
| COMMISSIONER GEORGE P. BUSH, | § | |
| ALAMO RANGER OWENS, ALAMO | § | |
| RANGER JOHN DOES, OFFICER | § | |
| GABRIEL GALLEGOS, JOHN DOE | § | |
| SAN ANTONIO OFFICERS, | § | |
| DANIELLE KENT, and VERONICA | § | |
| GONZALEZ | § | |
|     Defendants. | § | |

**COMMISSIONER GEORGE P. BUSH'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND
MOTION FOR A MORE DEFINITE STATEMENT IN THE ALTERNATIVE**

Defendant George P. Bush ("Commissioner"), in his official capacity as Commissioner of the General Land Office of the State of Texas ("GLO"), moves for dismissal of Plaintiffs' Jose Daniel Valadez III's ("Plaintiff") Second Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), and independently moves for dismissal of all claims for damages pursuant to Rule 12(b)(1). In the alternative, the Commissioner moves for a more definite statement pursuant to Rule 12(e).

**INTRODUCTION**

The Fifth Circuit recognizes that "shotgun pleadings" fall short of the federal pleading standard by lumping numerous accused parties together as "defendants" without distinguishing their conduct. Such pleadings fail to provide fair notice under Federal Rule of Civil Procedure 8(a)

1

and fail to state plausible claims under the standards of *Twombly* and *Iqbal*. Plaintiff's Complaint is replete with lumped allegations, and they are particularly problematic because they span several discrete incidents occurring at different times and places, the vast majority entirely unrelated to the Commissioner and GLO. This problem is further compounded because the lumped references to "defendants" generally describe the actions of City of San Antonio police officers ("SAPD") alleged to have violated Plaintiff's civil rights at the various locations, rather than the actions of the Commissioner. Absent these vague, lumped allegations, the Complaint says almost nothing about the Commissioner. Plaintiff has not met the basic standards of factual sufficiency required to maintain any of his claims. This warrants dismissal pursuant to Rule 12(b)(6).

Independently, Plaintiff's claims for damages should be dismissed pursuant to Rule 12(b)(1). Plaintiff previously sued the GLO, then quickly withdrew his prior complaint when the GLO moved for dismissal based on sovereign immunity. Plaintiff substituted the Commissioner for the GLO in his new Complaint, apparently proceeding under *Ex Parte Young*. But only prospective injunctive relief may be obtained under *Young's* limited exception to sovereign immunity. Plaintiff's claims for damages remain barred by sovereign immunity. The Court might also elect to dismiss *all* claims pursuant to 12(b)(1) rather than 12(b)(6) because the allegations are insufficient to establish a waiver of immunity under *Ex Parte Young*. They fail to show the required factual connection between the Commissioner and the allegedly unconstitutional acts.

## STANDARD OF REVIEW

Rule 12(b)(1) provides for the dismissal of lawsuits where the court lacks subject-matter jurisdiction. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, Plaintiff bears the burden of showing jurisdiction exists.

Rule 12(b)(6) provides for the dismissal of a lawsuit when the plaintiff fails to state a claim upon which relief can be granted. To state a claim "demands more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (citing *Twombly,* 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing the pleader is entitled to relief[.]").

**FACTUAL BACKGROUND**

Broadly speaking, the Plaintiff alleges that he is a break-dancer, and that several incidents have occurred at various locations across San Antonio during which his First Amendment rights were infringed when SAPD halted his performances. *See generally* Doc. 38. The vast majority of his allegations relate to the enforcement of a street performer policy (the "DSPP") by SAPD officers at locations controlled by the City and not on Alamo grounds. Doc. 38 ¶¶ 18-103, 136-157. However, Plaintiff alleges that two incidents occurred at Alamo Plaza, and in one of those instances he was detained by the Alamo Ranger Defendants while they waited for SAPD officers to arrive. Doc. 38 ¶¶ 104-135.

Most of the Complaint's critical allegations refer broadly to unspecified "government officials" or "defendants," leaving unclear which defendant(s) each allegation pertains to. The allegations against the Commissioner are vague and sparse. They consist of the following:

¶2: The City "in coordination with [Commissioner] and others, ban [sic] all street performers."

¶3: The Commissioner "controls Alamo Rangers and portions of the Alamo Plaza" and has an unspecified policy "to unconstitutionally suppress street performers' artistic expression."

¶103: The City "suggest[s] that [Commissioner] can exclude [Plaintiff] from the Alamo Plaza."

¶111: Plaintiff believes one of the Alamo Ranger defendants acted "under the control of [Commissioner] and/or Defendant City."

¶131: Two SAPD officers informed Plaintiff "that they received a complaint from [Commissioner], Defendant Owens, and other Alamo Ranger Defendants about his presence."

¶134: The SAPD officers informed Plaintiff that he was not welcome to dance because "[Commissioner], Defendant Owens, and Alamo Ranger Defendants assumed he was soliciting or panhandling in violation of policy."

¶135: The SAPD officers told Plaintiff "he was being provided notice of criminal trespass on private property by Defendant Bush, Defendant Owens, and Alamo Ranger Defendants, and was handed a card with Case # SAPD 21116311."

¶264: "Defendant City, in coordination with [Commissioner] and the Alamo Rangers, continue [sic] to exclude Plaintiff from Alamo Plaza."

Other than the allegations above, a heading on Page 37 describes Counts XIV through XIX as "against" the Commissioner, but these claims contain allegations only against the Alamo Ranger Defendants. The sole reference to the Commissioner across these "Counts" is a single statement realleging "the material facts alleged in the preceding paragraphs against [Commissioner]." Doc. 38 ¶ 279. The Complaint does not otherwise mention the Commissioner, other than to request injunctive relief against him.

Thus, Plaintiffs' allegations against the Commissioner consist of speculation about the Commissioner's motives (based on information Plaintiff heard second-hand from SAPD), an allegation that the City "coordinated" with the Commissioner in an unspecified way, and allegations that the Commissioner "controls" the Alamo Rangers and Alamo Plaza, but without any details describing how this control was exercised to cause the alleged harms.

## ARGUMENT AND AUTHORITIES

**I.    Plaintiff's claims for damages should be dismissed pursuant to Rule 12(b)(1).**

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Hall v. Texas Commn. on L. Enf't,* 685 Fed. Appx. 337, 339–40 (5th Cir. 2017)(unpublished), cert. denied, 138 S. Ct. 419 (2017)(quoting *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Plaintiff initially sued the GLO, then dismissed his prior complaint when the GLO moved to dismiss based on sovereign immunity. The current Complaint asserts similar claims against the GLO Commissioner, but as with the prior one, it does not set out any waiver or abrogation of sovereign immunity. *Id* at 339–40; *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Plaintiff implicitly appears to be proceeding against the Commissioner under the limited exception to sovereign immunity granted by *Ex Parte Young*, although the Complaint does not directly state this. 209 U.S. 123, 131 (1908).

*Ex Parte Young* permits suits against individual state officials named in their official capacities when the claim is for an ongoing violation of federal law, but the plaintiff is limited to prospective injunctive relief. *Valentine v. Collier,* 993 F.3d 270, 280 (5th Cir. 2021). However, the Complaint asserts that Plaintiff "suffered damages" as a "direct and proximate result of Defendants' conduct," and seeks recovery of damages in the prayer. Doc. 38 ¶ 316, Prayer ¶ h.

Plaintiff cannot recover damages against the Commissioner, and the Court should dismiss these claims.

**II.     All claims should be dismissed pursuant to Rule 12(b)(6) or 12(b)(1).**

    **A.     Shotgun pleadings are disfavored.**

The "Fifth Circuit has previously denounced what it has referred to as the 'shotgun approach' to pleadings . . . and it has explained that this pleading approach may be sanctionable" under Rule 11. *Howley v. Bankers Stand. Ins. Co.,* 3:19-CV-2477-L, 2021 WL 913290, at *9 (N.D. Tex. Mar. 10, 2021)(quoting *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788-89 (5th Cir. 1986)). The "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Owens v. Transunion LLC,* 4:20-CV-665-SDJ-KPJ, 2021 WL 5088686, at *8–9 (E.D. Tex. Aug. 30, 2021)(quoting *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

The most common type of shotgun pleading is "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last came to be a combination of the entire complaint." *Id.* The rarest is "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." Here, Plaintiff's complaint combines both of these tactics, leaving its allegations indecipherable as applied to the Commissioner.

    **B.     Lumped references to "defendants" and "government officials" should be disregarded.**

The Complaint broadly frames many of its key allegations with lumped references such as "Defendants" and "government officials," obscuring which Defendant committed each act. Yet "[l]umping defendants together is insufficient to state a claim against any of them." *Tap Pilam*

*Coahuiltecan Nation v. Alamo Tr., Inc.,* 5:19-CV-01084-OLG, 2019 WL 10945421, at *5 (W.D. Tex. Dec. 23, 2019)*(*citing *Brown v. ASC Mortgage/U.S. Bank Nat. Ass'n ex rel. Structured Asset Inv. Loan Tr.*, 2015 WL 5559441, at *2 (N.D. Tex. Sept. 18, 2015); *Chvba v. EMC Mortgage Corp.*, 450 F. App'x 404, 406 (5th Cir. 2011)). This defect is exacerbated with respect to the Commissioner because the vast majority of the complained-of incidents took place away from the Alamo, on property alleged to be controlled by the City, and the vast majority of the complained-of conduct relates to alleged actions taken by SAPD officers to enforce the City's DSPP policy. Despite the lack of any factual connection between these aspects of the Complaint and the Commissioner, the Complaint repeatedly uses lumped references to make these and other allegations.

The allegations of a shotgun pleading must be disregarded when it uses blanket terms to address defendants collectively. *Davis v. City of Alvarado,* 19-CV-463-K-BK, 2019 WL 6896878, at *4 (N.D. Tex. Dec. 3, 2019), *report and recommendation adopted,* 3:19-CV-0463-K, 2019 WL 6894686 (N.D. Tex. Dec. 18, 2019), *aff'd,* 835 Fed. Appx. 714 (5th Cir. 2020)(citing *Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015)); *Callier v. National United Group, LLC,* EP-21-CV-71-DB, 2021 WL 5393829, at *4 (W.D. Tex. Nov. 17, 2021)(refusing to consider "assertions against all defendants generally when they are not supported by specific factual allegations"). When the Complaint's lumped allegations are disregarded, the few specific allegations against the Commissioner are insufficient to state any claim, as discussed in Part D below.

**C.    Claims broadly incorporating every "preceding paragraph" should be disregarded.**

The lumped references are aggravated by the Complaint's other shotgun pleading tactic: each claim adopts the allegations of the statement of facts and all preceding counts, causing each successive count to become more and more voluminous, until the last effectively becomes the sum

of the *entire* Complaint. The scattershot pleading of these "cumulative" allegations would be enough to defeat the Complaint by itself, but they are made even more difficult to untangle because it is not unclear which (if any) of the lumped allegations from the statement of facts are incorporated into the counts pled "against" the Commissioner (Counts XIV – XX). These counts do not mention the Commissioner specifically, other than a single sentence in Count XIV broadly incorporating all prior allegations against the Commissioner. Doc. 38 ¶ 279.

This pleading practice "interferes with a district court's ability to manage its docket, unnecessarily impedes the orderly and efficient disposition of disputes, and wastes scarce judicial resources by causing courts to engage in the onerous task of sifting through a myriad of irrelevant allegations in ruling on the sufficiency of a claim, making it difficult to know which factual allegations were intended to support which claims for relief." *Lee v. Liberty Ins. Corp.,* 3:19-CV-321-L, 2021 WL 4502323, at *7 (N.D. Tex. Sept. 30, 2021)(collecting cases). This tactic warrants dismissal of Counts XIV – XX. *Id.*

**D.    The allegations against the Commissioner do not state a § 1983 claim.**

The claims pled "against" the Commissioner (Counts XIV – XX) consist entirely of § 1983 actions and a request for injunctive relief related to these alleged violations. The pleading defects detailed above are particularly problematic in a § 1983 action because the plaintiff must "give each of the defendants notice as to what specific act—particular to that specific defendant—gives rise to the claim the plaintiff is pursing against that defendant. Each defendant's conduct must be examined separately, not collectively." *Dallas Police and Fire Pension System, v. Alexander,* No. 4:17-CV-00631-ALM-KPJ, 2017 WL 11454655 (E.D. Tex. Nov. 10, 2017)(citing *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999)). The plaintiff must specify the *personal involvement* of each defendant. *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.), *cert. denied,* 464

8

U.S. 897 (1983). A § 1983 plaintiff "can neither make generalized allegations nor support a claim based on any theory of vicarious liability." *McGee v. Sherbet,* CIV.A.3:94-CV-0355-D, 1997 WL 311534, at *4 (N.D. Tex. June 3, 1997); *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691 (1978) (holding that there is no respondeat superior liability under § 1983).

As detailed above, the Court may not need to get this far, because none of the claims contain specific allegations against the Commissioner, and the Complaint is dismissible on that basis alone. But even if *every single* allegation against the Commissioner is examined with respect to *every single* § 1983 claim, the Complaint does not allege a viable theory of liability.

The Complaint alleges that the City acted "in coordination" with the Commissioner, and that the Commissioner "controls" the Alamo Rangers and Alamo Plaza. Doc. 38 ¶¶ 2, 3, 111, 264. It does not expand on these "naked assertions devoid of further factual enhancement," such as by explaining what *the Commissioner* did to coordinate with the City, or how *the Commissioner* exercised control over the Alamo Rangers to cause the alleged harms. *Iqbal,* 556 U.S. at 678. Allowing Plaintiff to amend the Complaint and add these details would be futile because the gravamen of his claims appears to be that the Commissioner should somehow be held liable for the acts of the Alamo Rangers, yet vicarious liability is barred in § 1983 actions. *Monell,* 436 U.S. 658, 691.

The Complaint also alleges that the Commissioner has an unspecified policy "to unconstitutionally suppress street performers' artistic expression." Doc. 38 ¶ 3. In a § 1983 action, "allegations of a policy or custom and its relationship to the constitutional violation cannot be conclusory but must contain specific facts." *Von Eschen v. League City Texas,* 233 F.3d 575 (5th Cir. 2000)(citing *Spiller v. City of Texas City,* 130 F.3d 162, 167 (5th Cir.1997)). But the Complaint contains no allegations establishing any link between the Commissioner and the

creation or enforcement of the alleged policy. In fact, the Complaint indicates that the Plaintiff is unsure whether the Commissioner's alleged "policy" even exists at all, because Plaintiff repeatedly concedes that SAPD officers may have simply been enforcing the City's DSPP policy against him. Doc. 38 ¶¶ 110, 281, 310, 314.

Plaintiff's "conclusional allegations of 'policy' [are] not sufficient to establish" liability under § 1983. *Id.* They are similar to the allegations in *K.T. v. Natalia I.S.D.,* where the plaintiff's complaint stated that a school district had a "pervasive unwritten policy that allowed discrimination and harassment based on race," and through an "unwritten policy" had "permitted continued discrimination and retaliation" against the plaintiff. SA-09-CV-285-XR, 2010 WL 1484709, at *1 (W.D. Tex. Apr. 12, 2010). This Court held that these allegations were not sufficient to state a claim under § 1983, finding that such "[s]ubjective belief[s][and] conclusory statements will not suffice to prevent a motion to dismiss." *Id.* at 3 (citing *Henrise v. Horvath,* 45 Fed. Appx. 323 (5th Cir.2002)).

Again, allowing Plaintiff to amend would be futile because the vast majority of the Complaint relates to actions of SAPD officers in locations away from Alamo Plaza. Even granting the dubious assumption that the Alamo Rangers acted wrongfully, "isolated instances of police misconduct are inadequate to prove knowledge and acquiescence by policy makers." *Von Eschen v. League City Texas,* 233 F.3d 575 (5th Cir. 2000). Plaintiff has not alleged the type of lengthy pattern of prior misconduct required to charge the Commissioner with liability as a result of a policy. *Hamilton v. Rodgers,* 783 F.2d 1306, 1309 (5th Cir.), *opinion withdrawn on other grounds,* 791 F.2d 439 (5th Cir.1986)(twelve incidents of racial discrimination within a two-and-a-half-year period did not constitute a continual pattern of conduct sufficient to warrant the imputation of constructive knowledge to government officials for purposes of imposing § 1983 liability). Rather

than alleging a pattern of similar prior misconduct, the only other incident on Alamo grounds described in the Complaint involves the Alamo Rangers *ignoring* a performer playing a guitar. Doc. 38 ¶ 116.

### E. Dismissal is warranted under either of Rule 12(b)(1) or Rule 12(b)(6).

The Plaintiff has not stated a viable § 1983 claim against the Commissioner, and this warrants dismissal of all claims pursuant to Rule 12(b)(6). Because the Complaint's factual deficiencies directly relate to whether the Commissioner has a sufficient factual connection to the enforcement of the allegedly unconstitutional policy, meaning that the Plaintiff has not established that the Commissioner is an appropriate *Ex parte Young* defendant, the Court may also find that dismissal pursuant to Rule 12(b)(1) is more appropriate. *Valentine v. Collier,* 993 F.3d 270, 280 (5th Cir. 2021).

### F. The Court should dismiss all claims with prejudice.

Regardless of whether the Court finds Rule 12(b)(1) or Rule 12(b)(6) more appropriate for a dismissal, the Court must determine whether a dismissal with prejudice is warranted. Generally, a plaintiff will be granted leave to amend once if it appears the pleading deficiencies can be cured. But this is not required "if the plaintiff has already pleaded his [or her] 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). Plaintiff has already amended his Complaint twice, yet the current attempt remains a disfavored shotgun pleading. Much more importantly, while granting leave to amend might result in marginal improvements to some aspects of the Complaint, the current allegations make abundantly clear that Plaintiff largely seeks to hold the Commissioner vicariously liable for the actions of Alamo Rangers, which he cannot do through a § 1983 action. Plaintiff will not be able to clear this hurdle even if allowed to amend.

### G. The Court should require a more definite statement if Plaintiff is allowed to replead.

If the Court does allow Plaintiff to replead, it should require a more definite statement pursuant to Rule 12(e). The Court should direct Plaintiff to plead specific facts detailing the *personal involvement* of the Commissioner in his alleged harms, including by avoiding lumped references to multiple Defendants. The avoidance of lumped references is particularly necessary given that it is clear from the current Complaint that the Commissioner's involvement (if any at all) is drastically different than the other Defendants. The Court should also direct Plaintiff to refrain from incorporating his entire complaint into each cause of action, and instead specify within each count the facts upon which it relies. If Plaintiff intends to charge the Commissioner with liability for the acts of other Defendants, any amended complaint should clearly state this, and plainly allege the legal theories giving rise to vicarious liability and the facts on which they rely. And the Court should also direct Plaintiff to comport his allegations of "policy" to satisfy the requirements of established § 1983 caselaw. If Plaintiff fails to do any of these things, his complaint should then be dismissed with prejudice.

### PRAYER

The Commissioner requests dismissal of all claims against him with prejudice pursuant to Rule 12(b)(1) or Rule 12(b)(6) because repleading would be futile, and that that he be dismissed from this suit in its entirety. Independently, the Commissioner requests dismissal of all claims for damages against him pursuant to Rule 12(b)(1), based on the grounds stated above. In the alternative, the Commissioner moves for a more definite statement pursuant to Rule 12(e).

Respectfully Submitted,

LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.
Texas Community Bank Bldg., Suite 350
6721 McPherson Rd. (78041)
P.O. Box 452009
Laredo, Texas 78045
Telephone: (956) 722-9909
Facsimile: (956) 727-5884


By: */s/ Donato D. Ramos*
DONATO D. RAMOS
State Bar No. 16508000
mrodriguez@ddrlex.com
DONATO D. RAMOS, JR., *Pro Hac*
State Bar No. 24041744
donatoramosjr@ddrlex.com
JAMES BRANDON HUGHES, *Pro Hac*
State Bar No. 24071094
bhughes@ddrlex.com
*Attorneys for Defendant, General Land Office of the State of Texas*

**Certificate of Service**

      I hereby certify that on the 13th day of December, 2021, a true and correct copy of the foregoing document has been served on all counsel via the Court's electronic filing system.

                                                */s/ Donato D. Ramos*
                                                DONATO D. RAMOS